IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS AND ANDREA McGOOGAN, et al., | ) ) | CASE NO. 4:17-cv-00401-BYP |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | **DEFENDANT SEVEN SEVENTEEN** |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | ) ) | **CREDIT UNION'S ANSWER TO** **PLAINTIFFS' COMPLAINT** |
| | ) | |
| Defendants. | ) | |

For its answer to Plaintiffs' complaint, Defendant Seven Seventeen Credit Union ("Seven Seventeen") states as follows:

1. Paragraph 1 of Plaintiffs' complaint contains legal conclusions to which no answer is required. To the extent Paragraph 1 contains allegations against Seven Seventeen, such allegations are denied.

2-3. Denies the allegations contained in Paragraphs 2 and 3 of Plaintiffs' complaint for want of information sufficient to form a belief as to their truth.

4. Admits Defendant Seven Seventeen Credit Union is a domestic financial institution. Further answering, Seven Seventeen states the remainder of the allegations contained in Paragraph 4 of Plaintiffs' complaint are legal conclusions to which no answer is required. To the extent Paragraph 4 contains allegations against Seven Seventeen, such allegations are denied.

5. Denies the allegations contained in Paragraph 5 of Plaintiffs' complaint for want of information sufficient to form a belief as to their truth.

6. Admits Plaintiffs had an auto loan with Seven Seventeen and such auto loan was included in the bankruptcy, but denies such auto loan was paid in full.

7-13. Denies the allegations contained in Paragraphs 7, 8, 9, 10, 11, 12 and 13 of Plaintiffs' complaint for want of information sufficient to form a belief as to their truth.

14. Denies the allegations contained in Paragraph 14 of Plaintiffs' complaint.

15. Denies the allegations contained in Paragraph 15 of Plaintiffs' complaint for want of information sufficient to form a belief as to their truth.

## COUNT I: FAIR CREDIT REPORTING ACT

16. Incorporates the admissions, denials, and other responses set forth in the prior paragraphs of this answer as if fully rewritten herein.

17. Denies the allegations contained in Paragraph 17 of Plaintiffs' complaint for want of information sufficient to form a belief as to their truth.

18-20. To the extent Paragraphs 18, 19 and 20 contain allegations against Seven Seventeen, such allegations are denied.

21-27. Denies the allegations contained in Paragraphs 21, 22, 23, 24, 25, 26 and 27 of Plaintiffs' complaint for want of information sufficient to form a belief as to their truth.

28. Paragraph 28 of Plaintiffs' complaint contains a legal conclusion to which no answer is required. To the extent Paragraph 28 contains allegations against Seven Seventeen, such allegations are denied.

29-32. Denies the allegations contained in Paragraphs 29, 30, 31 and 32 of Plaintiffs' complaint.

33. Paragraph 33 of Plaintiffs' Complaint contains no allegations against Seven Seventeen. To the extent Paragraph 33 contains allegations against Seven Seventeen, such allegations are denied.

## **AFFIRMATIVE DEFENSES**

A. Plaintiffs have failed to state a claim against Seven Seventeen upon which relief may be granted.

B. Any state and common law claims asserted by plaintiff are preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.

C. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

D. Plaintiffs' claims are barred or limited by the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.

E. Plaintiffs' claims are barred, in whole or in part, by the equitable theories of estoppel, waiver and laches.

F. Plaintiffs have failed to mitigate their damages, if any.

G. Plaintiffs' claims are governed by certain statutory laws of the State of Ohio and the United States of America and any relief to which they might otherwise be entitled is limited or barred by those laws.

H. If Plaintiffs sustained any damages as alleged in the complaint, such damages were caused by or contributed to by their own acts, omissions or misconduct.

I. Plaintiffs' damages, if any, were caused by non parties over whom Seven Seventeen has no control.

J. Defendant Seven Seventeen expressly reserves the right to amend this answer to assert any and all affirmative defenses, the predicate for which may arise during ongoing discovery.

WHEREFORE, having fully answered, Defendant Seven Seventeen Credit Union prays Plaintiffs' complaint against it be dismissed, judgment be entered in defendant's favor, Seven Seventeen be awarded its costs and attorney fees, and the court award such other relief as may be just and proper.

Respectfully submitted,

s/*Julie L. Juergens*

**JULIE L. JUERGENS (0066873)**
**MELANIE R. IRVIN (0084407)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
jjuergens@gallaghersharp.com
mirvin@gallaghersharp.com

*Counsel for Defendant,*
*Seven Seventeen Credit Union*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2017 the foregoing Answer to Plaintiffs' Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                             s/*Julie L. Juergens*
                                       **JULIE L. JUERGENS (0066873)**
                                       **MELANIE R. IRVIN (0084407)**
                                       *Counsel for Defendant,*
                                       *Seven Seventeen Credit Union*